## BERRY *v.* HARRIS.

Where the condition of a bond for the plaintiff's maintenance required the obligor to furnish to the obligee "money necessary for him to spend, whenever he thinks proper to visit his friends," it was *held*, that whenever, in the honest and fair exercise of his judgment, the obligee thought proper to make such visits, the obligor was bound to furnish money; but not, if exercised wantonly or capriciously.

*Held*, also, that having failed so to furnish means, in a suit on the bond the plaintiff was entitled to execution for such amount as was reasonably required for the visit.

THIS was an action of debt upon a bond, and the facts sufficiently appear in the opinion of the court.

*T. J. Smith*, for the defendant.

The case finds no injury, no loss, no costs, hardly any inconvenience to the plaintiff by reason of the refusal by the defendant to

furnish the money demanded. Nor does it find any intention to impose either on the part of the defendant. The plaintiff, then, is entitled, if to any, to merely nominal damages. Ch. Pl. 114, 374. But we submit, he is not entitled to any, since the ordinary and reasonable construction of the language " and money necessary," &c., will discover the probable and reasonable understanding of the parties, to wit, in reasonable amounts and with reasonable frequency, in view of all the surrounding circumstances, and to this extent the case finds the defendant has furnished. Chit. Cont. 72, 90. The position of the plaintiff is absurd, else there is no limit to the amount of expenses to which the defendant is liable by virtue of this bond, save the whim of the plaintiff; and such a contract no sane man would make.

*Bryant,* for the plaintiff.

1. The plaintiff contends that it was the express agreement and understanding, by both parties to the bond, that the plaintiff was to be the sole judge of the time " whenever he thinks proper to visit his friends," as it would be but a short time before he would be too old to visit them at all; and that was the reason why that particular expression was used in the bond. 2. When the parties make a plain and express agreement the court will not change it and make one for them.

BELLOWS, J.  This is an action on a bond for the support of the plaintiff and wife, with a stipulation, among other things, to furnish the plaintiff with " money necessary for him to spend, whenever he thinks proper to visit his friends." The report of the referee finds that in September, 1860, the plaintiff thought proper to visit a son in New-York, and other relations at Pittsfield, and for that purpose called upon the defendant for thirty dollars, which was a reasonable sum for his expenses; but the defendant declined to furnish it. The referee also finds that the plaintiff had recently visited those friends, and that there was really no occasion or necessity for making these further visits at that time. And the question now is, whether the defendant's stipulation requires him to furnish the means whenever the plaintiff shall think proper to visit his friends, or only to the extent of reasonable visits. The terms used are clearly broad enough to make the plaintiff the sole judge of the frequency of his visits, and we think such must have been the intention of the parties, with the understanding, of course, that his judgment should be fairly and honestly exercised. To that extent, it would seem that the son was willing to trust the father, and upon a careful consideration of the adjudged cases, we perceive no objection to giving effect to their intention. But a wanton and capricious exercise of the plaintiff's right could not have been contemplated by the parties and would not be countenanced by the law, because it could in no just and proper sense be his judgment, however he may have expressed himself. And this view accords with a class of cases bearing a close analogy to this, namely, when work is to be done or materials found to the acceptance of an architect,

engineer, or other third person. *Chapman* v. *City of Lowell,* 4 Cush. 378 ; *Oakes* v. *Moore,* 24 Me. 215 ; *Robinson* v. *Fiske,* 25 Me. 401 ; *Morrill* v. *Gore,* 29 Me. 346 ; *Smith* v. *Railroad,* 36 N. H. 490, and cases cited ; *Butler* v. *Tucker,* 24 Wend. 447 ; *Delaware Canal* v. *Dubois,* 15 Wend. 89.

There is another class of cases where it is stipulated that the work shall be done in a particular manner and to the satisfaction of the other party. In these cases it has been held, upon the principle that a man shall not be a judge in his own cause, that, if the work be done according to the contract, the party shall be entitled to his pay, although the acceptance is unreasonably withheld. *Smith* v. *Railroad,* 36 N. H. 490, 491, and cases cited. But these cases, we think, are plainly distinguished from the case before us. In those cases it is shown that the contract has been fully performed by the party seeking to recover, and that the acceptance has been unjustly or capriciously withheld, while it was apparent that the compensation was intended to be made.

In the case before us, the obligation was not to furnish means to make a specified number of visits, or a reasonable number, in which case it could be determined whether it had been performed or not, but to furnish means for so many visits as the plaintiff thought proper to make, without indicating any other measure for the extent of the obligation. In the other class of cases it can be shown that the contractor has substantially performed his engagement, and is entitled to his compensation, but it is not so in this case. For a sufficient equivalent, the obligor has agreed to furnish means for all such visits as the obligor shall think proper to make, and it may well be presumed that the parties then intended to place the matter on such footing as to avoid all discussion as to the reasonableness of the proposed visits. Such a provision in many, and perhaps most cases, would be judicious, and if the intention is clearly manifested, as it is in this case, the law, we think, will give effect to it.

Upon looking into the bond, we think it quite apparent that the intention was such as we have indicated, it being stipulated that the obligee shall have the physician of his choice ; that the house shall be warmed, on request, and that a separate room shall be warmed and lighted, on request.

In *Bailey* v. *Simonds,* 6 N. H. 159, the contract was to pay a sum of money " in good leather, such as suits," on demand, at Slade's tan-yard. The declaration described the promise as being to pay " in good leather, such as would suit the plaintiff ;" and the court held there was no variance, but that it was described according to its legal effect ; for that the note was without doubt payable in such leather as would suit the plaintiff. So in relation to contracts where the plaintiff has an election to require payment in any one of several articles specified, which, in fact, is like the case of *Bailey* v. *Simonds.* In these cases the party is entitled to elect according to the contract ; and the doing so is not open to the objection that he is judge in his own cause. In this respect it differs from the class of cases before adverted to, where the thing to be done is so

defined that a jury can say whether it is performed or not, and yet the party himself is appointed to decide that question. In such case the attempt is to make him a judge in his own cause, and therefore the stipulation is disregarded.

If the report of the referee finding that the plaintiff thought proper to visit his friends on the occasion in question, is to be understood as the honest and fair exercise of his judgment, and not capriciously, or with a view to injure the defendant, as we take it to be, then, in accordance with our views, there must be judgment for the plaintiff for the penalty of the bond, and execution to be awarded for the thirty dollars and interest; as in a suit upon a mortgage for the support of the mortgagor where it was stipulated that the mortgagor should keep a cow for her, and having failed to do it properly the mortgagor sold it. In this case the mortgagor was charged with the cost of keeping a cow from the time it was sold to the time of making up the judgment. *Fiske* v. *Fiske*, 20 Pick. 499. For aught we can see, the principle applies to the case before us, and there must be

*Judgment for the plaintiff.*